UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CONSUMERS PRODUCE, INC.,** | ) | **CASE NO. 4:08CV70** |
| | ) | |
| PLAINTIFF, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | |
| **R. FAMILY MARKET,** *et al.*, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| DEFENDANTS. | ) | |

This matter is before the Court upon Plaintiff Consumer Produce, Inc.'s ("Consumers") Motion for Summary Judgment.  (Dkt. # 34).

**I. BACKGROUND**

Consumers initiated the instant action against Defendant R. Family Market, LLC ("Family Market") to enforce the trust provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499 *et seq*.  The parties agree that Consumers sold and delivered to Family Market, in interstate commerce, wholesale quantities of produce from September 25, 2007 through December 31, 2007.

Defendant Joseph Rulli is Family Market's sole owner.  (Dkt. # 40, Ex. 1).  In December 2007, Joseph Rulli tendered two checks to Consumers in the amounts of $1,900 and $2,000, which were both returned for insufficient funds.  (Dkt. # 35, Ex. 3, 4). Family Market subsequently ceased operations in late December, 2007.  Family Market and Joseph Rulli filed a Notice of Compliance on April 17, 2008, indicating they no longer possess any produce-related assets.  (Dkt. # 30).  Family Market asserts they made

1

payments to Consumers totaling $19,020 between September 25, 2007 and December 31, 2007. Consumers, however, contends that Family Market has failed to pay a remaining balance of $45,845.54.

## II. LAW AND ANAYLSIS

Summary judgment is proper where there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party seeking summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists. Id. at 323. Once that burden has been met, the non-moving party may not rest upon the allegations set forth in his Complaint. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Rather, he must present some significant probative evidence in support of his allegations. Id. "The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." 60 Ivy Street Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987) (citing First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-89 (1968)). "The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly

supported motion for summary judgment." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting Anderson, 477 U.S. at 250).

**A. Perishable Agricultural Commodities Act.**

Consumers claim falls under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a *et seq*. Congress enacted PACA to promote fair trading practices in the produce industry, and in part to protect unpaid sellers of perishable agricultural commodities. Overton Distribs. v. Heritage Bank, 340 F.3d 361, 364 (6th Cir. 2003); Endico Potatoes, Inc. v. CIT Group/Factoring, Inc., 67 F.3d 1063, 1067 (2d Cir. 1995) ("Due to the need to sell perishable commodities quickly, sellers of perishable commodities are often placed in the position of being unsecured creditors of companies whose creditworthiness the seller is unable to verify.").

PACA provides requirements for both buyers and sellers of produce. To make a PACA claim, the statute and applicable federal regulations require sellers to meet a set of obligations set out in 7 U.S.C. § 499e(c) (3) and (4); 7 C.F.R. §§ 46.2(aa) and 46.46(e). Likewise, PACA requires buyers to make "full payment promptly" for all commodities received from produce suppliers. 7 U.S.C. § 499b(4). Failure to satisfy the PACA prompt payment rules gives rise to civil liability in favor of the injured seller. 7 U.S.C. §499e(a). Moreover, PACA creates a statutory "floating" trust in sellers' favor consisting of all the buyer's produce-related assets. 7 U.S.C. § 499e(c); Overton, 340 F.3d at 365. ("The trust protects the sellers against financing arrangements made by merchants, dealers, or brokers who encumber or give lenders a security interest in the commodities

or the receivables or proceeds from the sale of the commodities, thus giving the claims of these sellers precedence over those of secured creditors.").

Consumers sold and delivered wholesale quantities of perishable agricultural products to Family Market. Family Market does not dispute that they received the produce from Consumers. Nor does Family Market dispute that Consumers has met its obligations in order to preserve a PACA claim, including sending invoices to Family Market which contained the language required by 7 U.S.C. §499e(c)(4). Moreover, Family Market does not dispute that, pursuant to PACA, Consumers became a beneficiary of a statutory trust consisting of all Family Market's produce-related assets.

**B. There are no material facts in genuine dispute.**

Family Market contends that summary judgment should be denied because Family Market made payments to Consumers totaling $19,020 in the period between September 25, 2007 and December 31, 2007. Consumers, however, acknowledges these payments were made but contends that Family Market still owes Consumers an outstanding balance of $45,845.54.

The Federal Rules of Civil Procedure provide that "when a motion for summary judgment is made and supported" the adverse party may not "rest upon the mere allegations or denials of his pleading." FED. R. CIV. P. 56(e). Rather, the responding party response must set forth "specific facts showing a genuine issue for trial." Id. The Supreme Court has stated that summary judgment will not lie under Rule 56(c) if the dispute about a material fact is not "genuine." Anderson v. Liberty Lobby, Inc., 477

4

U.S. 242, 248 (1986). Therefore, if Family Market's evidence is merely "colorable," or is not "significantly probative," summary judgment may be granted. Id. at 249-50.

Family Market does not deny they owe Consumers $45,845.54. Family Market's sole defense is that that Family Market made payments to Consumers totaling $19,020. Consumers has shown, however, that when Family Market ceased operations in December, 2007, Consumers had applied the payments it received to Family Market's oldest outstanding invoices, which is customary in the produce business. (Dkt. # 40). Family Market therefore owes Consumers an outstanding balance of $45,845.54.

**C. Joseph Rulli is individually liable under PACA.**

Consumers contends that Joseph Rulli is individually liable for failing to maintain Family Market's PACA trust assets. Multiple circuits have held that an individual who is in a position to control the assets of a PACA trust, and fails to preserve them, may be held personally liable to the trust beneficiaries for breach of fiduciary duty. See Coosemans Specialties, Inc. v. Gargiulo, 485 F.3d 701, 705 (2d Cir. 2007); Weis-Buy Servs. v. Paglia, 411 F.3d 415, 420-421 (3d Cir. 2005); Patterson Frozen Foods v. Crown Foods Int'l, 307 F.3d 666, 669 (7th Cir. 2002); Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc., 217 F.3d 348, 351 (5th Cir. 2000); Hiller Cranberry Prods. v. Koplovsky, 165 F.3d 1, 8-9 (1st Cir. 1999); Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 283 (9th Cir. 1997).

The parties agree that Joseph Rulli, as the sole owner of Family Market, was responsible for running the day-to-day operations of the company. Neither Family Market nor Joseph Rulli dispute that Joseph Rulli was in a position to control the PACA

trust assets belonging to Consumers and failed to account for and prevent their dissipation. Joseph Rulli therefore breached his fiduciary duty to maintain PACA trust assets and to make them freely available to pay produce suppliers, such as Consumers.

### D. Consumers is entitled to attorneys' fees and interest.

Finally, Consumers seeks an award of attorneys' fees and interest. PACA does not explicitly provide for attorneys' fees. However, the trust provisions of PACA provide that PACA trust assets shall be held by the produce buyer in trust for the benefit of the unpaid beneficiary until full payment of the "*sums owing in connection with such transactions* has been received." 7 U.S.C § 499e(c)(2) (emphasis added). Courts have held that if there is an enforceable agreement between the parties, then attorneys' fees and pre-judgment interest should be awarded as "sums owing in connection with" the trust transactions. Country Best v. Christopher Ranch, LLC, 361 F.3d 629, 633 (11th Cir. 2004); Middle Mountain Land & Produce, Inc. v. Sound Commodities, Inc., 307 F.3d 1220, 1223 (9th Cir. 2002).

Consumers contends that notations on its invoices sent to Family Market created a contractual right to pre-judgment interest and attorneys' fees. (Dkt. # 35, Ex. 5). Family Market does not dispute that that an enforceable agreement existed between Family Market and Consumers regarding interest—namely that Consumers' invoices provide for interest to accrue at a rate of 1.5% per month on past due accounts. Nor does Family Market dispute that there exists an enforceable agreement regarding attorneys' fees between Family Market and Consumers pursuant to these invoices. Accordingly, the

6

Court finds that the terms set out on the invoices are "sums owing in connection with" the underlying transactions.

## III. CONCLUSION

For the foregoing reasons, Plaintiff has shown that no genuine issues of material fact exist. Therefore, Plaintiff's Motion for Summary Judgment is hereby **GRANTED**. (Dkt. # 34).

**IT IS SO ORDERED.**

                                             **/s/ Peter C. Economus – December 10, 2008**
                                             **PETER C. ECONOMUS**
                                             **UNITED STATES DISTRICT JUDGE**