UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CONSUMER PRODUCE, INC.**, | ) | Case No. 4:08 CV 0070 |
| | ) | |
| Plaintiff, | ) | Judge Peter C. Economus |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| **R. FAMILY MARKET, et al.**, | ) | (Regarding ECF #48) |
| | ) | |
| | ) | |
| Defendants. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Plaintiff, Consumers Produce Co., Inc. ("Consumers"), seeks a post judgment award of attorney's fees and costs pursuant to Fed. R. Civ. P. 54(d)(2) and the Perishable Agricultural Commodities Act, 7 U.S.C. § 499 ("PACA"). This matter was referred to this Court by the Honorable Judge Peter C. Economus for report and recommended disposition.

**I. BACKGROUND**

Consumers initiated this action against Defendant, R. Family Market, LLC ("Family Market"), to enforce the trust provisions of PACA, 7 U.S.C. § 499 *et seq*. As there was no genuine issue of material fact regarding the balance Family Market owed Consumers for certain perishable goods purchased, Judge Economus granted Consumer's motion for summary judgment and awarded Consumers the sum of $45,845.54 plus contract interest in the amount of $2,848.23.

4:08 CV 0070                                        2

**II. ATTORNEY'S FEES**

Judge Economus held Consumers is entitled to such fees as they are "sums owing in connection with" the trust transactions. (Dkt. #46). While PACA does not explicitly provide for attorney's fees, the court's ruling is consistent with other circuits that have determined the broad language of 7 U.S.C. § 499e(c)(2) includes a right to attorneys' fees so long as there exists a contractual right to these fees, as there is in this matter.[1] *See Cooseman's Specialties, Inc., v. Gargiulo,* 485 F.3d 701, 709 (2nd Cir.2007); *Country Best v. Christopher Ranch, LLC,* 361 F.3d 629, 632 (11th Cir.2004); *Middle Mountain Land & Produce v. Sound Commodities,* 307 F.3d 1220, 1222-25 (9th Cir.2002); *see also Movsovitz & Sons of Fla.v. Axel Gonzalez, Inc.,* 367 F.Supp.2d 207, 215 (D.P.R.2005); *JC Produce v. Paragon Steakhouse Rests.,* 70 F.Supp.2d 1119, 1123 (E.D.Cal.1999).

Family Market does not oppose the Consumer's application for attorneys' fees and costs. As such, the sole issue before this Court is whether the requested mount for attorneys' fees and costs is fair and reasonable.

### A. Reasonable Number of Hours Expended in Litigation

The party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable. To meet its burden, the fee petitioner must "submit evidence supporting the hours

---

[1] 7 U.S.C. § 499e(c)(2) provides: "Perishable agricultural commodities received be a commission merchant, dealer, or broker in all transactions ... and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all upaid suppliers or sellers of such commodities or agents involved in the transaction, until *full payment of the sums owing in connection with such transactions* has been received by such unpaid suppliers, sellers or agents ..." (emphasis added).

4:08 CV 0070 3

worked and rates claimed." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

Here, Consumers submits detailed time sheets and affidavits that document a total of 76.4 hours in legal assistance. (Dkt #50, Ex. 1)(Dkt. #51). These hours are divided between two law firms: McCarron & Diess for a total of 46.3 hours, and Harrington, Hoppe & Mitchell, serving as local counsel, for a total of 30.1 hours. These claimed hours may be cut for duplication, padding, or frivolous claims. *Northcross*, 611 F.2d at 637; *Coulter v. State of Tennessee*, 805 F.2d 146, 150-51 (6th Cir. 1986), *cert. denied*, 482 U.S. 914 (1987).

Upon review of the Docket and the itemized billing statements, this court has no reason to suspect that Consumers' claimed hours are "excessive, redundant, or otherwise unnecessary." *Hensley,* 461 U.S. at 434. As this case involved a Temporary Restraining Order, a failure to comply with a Preliminary Injunction, and a Motion for Summary Judgment, a total of 76.4 hours between two law firms is wholly reasonable.

**B. Reasonable Hourly Rate**

*Calculation:*

Consumer's fee request is based upon the "lodestar method". The lodestar method of computation is a fee calculated in terms of the reasonable hours of service at a reasonable rate and is the fairest and most manageable approach to determine an award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Pennsylvania v. Delaware Valley Citizens Council for Clean Air,* 478 U.S. 546, 564, 106 S.Ct. 3088, 3097, 92 L.Ed.2d 439, 455-56 (1986); *Blanchard v. Bergeron*, 489 U.S. 87, 89 n. 2, 109 S.Ct. 939, 942 n.

4:08 CV 0070                                    4

2, 103 L.Ed.2d 67 (1989); *Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624, 636 (6th Cir. 1979) *cert. denied*, 477 U.S. 911 (1980); *United States v. General Electric Co.*, 41 F.3d 1032, 1048 (6th Cir. 1995).  Where the documentation is inadequate, the court may reduce the award accordingly.  *Id.*  The goal is to not overcompensate counsel with a "liberal" fee, but to award the "reasonable" fee necessary to encourage competent lawyers to undertake the representation.  *Coulter*, at 149; *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999).

***Reasonable Rate:***

Counsel Maria C. Simon requests the rate of $250.00 - $265.00 per hour and local counsel, Frederick S. Coombs, requests the rate of $200.00 per hour.  Counsel established the reasonableness of these hourly rates by their own affidavits and Family Market has no objection.  (Dkt #50, 51).  The Court is satisfied with the reasonableness of the requested rates.

**C. The 'Lodestar' Method in a PACA Action**

While the Sixth Circuit has not addressed the issue of attorney's fees and costs in a PACA action, courts in other circuits have determined the lodestar calculation is an appropriate method for determining such costs.  *See Dayoub Mktg., Inc. v. Seven Seas Trading Co., Inc.,* 2009 WL 890034, at *1 (S.D.N.Y. Mar. 31, 2009); *Top Banana, L.L.C. v. Dom's Wholesale & Retail,* 2008 WL 4925020, at *2 (S.D.N.Y. Nov. 10, 2008); *Weis-Buy Services, Inc. v. Storey's Fruit & Produce,* 2000 WL 1038122, at *1 (E.D.Pa., July 13, 2000).  In a similar case to the one at hand,  the court in *Brigotta's Farmland Produce and Garden Center, Inc. v. Przykuta, Inc.,* 2006 WL 3240729 (W.D.N.Y. July 13, 2006) stated "[t]he calculation of reasonable attorney's

4:08 CV 0070                                    5

fees begins with a determination of the 'lodestar amount[.]'" "While adjustments to the lodestar figure are permitted in 'rare' and 'exceptional' cases, the lodestar is presumed to be a reasonable fee." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565 (1986). Accordingly, this court accepts the lodestar of $5,788.00 for Frederick S. Coombs and $11,543.53 for Maria C. Simon.

**III. Expenses**

The plain language of 7 U.S.C. § 499e(c)(2) has been interpreted to encompass "not only the price of the perishable agricultural commodities but also the additional related expenses[.]" *Middle Mountain,* 307 F.3d at 1222; *Country Best,* 361 F.3d at 632. This reading is in line with the purpose of PACA, which was "designed to give produce sellers a meaningful opportunity to recover full payment of amounts due for their sales." *Country Best,* 361 F.3d at 632. Furthermore, "[h]ad Congress intended to limit PACA claims solely to the price of the commodities, it could have inserted language reflecting that limitation in 7 U.S.C. § 499e(c)(2)." *Id.* Instead, it wrote the statute broadly to include expenses in connection with the sale of perishable commodities when it drafted the statute.[2] *Middle Mountain,* 307 F.3d at 1222.

Here, Consumers seeks a total of $926.03 in additional expenses ($495.50 incurred by Harrington, Hoppe & Mitchell and $430.53 by McCarron & Diess). This amount primarily consists of reimbursable expenses such as photocopy charges, postage charges, and filing fees.

---

[2] This Court is aware of at least one PACA decision that limits reimbursable "costs" to the provisions set forth in 28 U.S.C. § 1920. *See Fresh Quest, Inc., v. Growers Mktg. Service, Inc.,* 2009 WL 1227817, at *3 (S.D. Fla. May 5, 2001). However, as Consumers' *costs* are more aptly nontaxable *expenses* pursuant to FRCP § 54(d)(2), this Court is not limited by the "costs" enumerated in 28 U.S.C. § 1920.

4:08 CV 0070                               6

There only appears to be one duplicative $350.00 charge for the filing of the Complaint. This court can only assume this charge is redundant as the record exhibits no evidence to the contrary. (Dkt. #50, Ex. 2); (Dkt. #51). Therefore, this court now subtracts $350.00 from the total amount requested and awards Consumers $576.03 in related expenses ($926.03 - $350.00).

### III. CONCLUSION

Consumers' request for attorney's fees and expenses is reasonable and is warranted under the broad wording of 7 U.S.C. 499e(c)(2). In addition, the lodestar calculation is an appropriate method to determine attorneys' fees in a PACA action. Accordingly, this Court recommends that Consumer's Application for Award of Attorney's Fees and Costs be granted in the amount of $17,001.53 ($16,425.50 for attorneys' fees and $576.03 for related expenses).

                                                                 s/James S. Gallas
                                                       United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. See, United States v. Walters, 638 F.2d 947 (6th Cir. 1981); Thomas v. Arn, 474 U.S. 140 (1985).

<u>Dated July 1, 2009</u>